THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON ALAN SMITH,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF DES MOINES, *et al.*,<br><br>Defendants. | CASE NO. C26-3252-JCC<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

On September 23, 2026, the Honorable S. Kate Vaughan, United States Magistrate Judge, granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 3.) Plaintiff's complaint (Dkt. No. 4) was entered shortly thereafter. A complaint filed by any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal "at any time" to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *Id.* § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). Moreover, the Court must

dismiss a complaint if it finds that it lacks subject matter jurisdiction[1] over the case or controversy. Fed. R. Civ. P. 12(h)(3).

As such, when a case such as this one is brought pursuant to 42 U.S.C. § 1983, Plaintiff must briefly describe the facts supporting a civil rights violation both to establish the Court's subject matter jurisdiction and satisfy Rule 8, which provides that a complaint must include the following: (1) a short plain statement of the grounds for this Court's jurisdiction; (2) a description of the claim establishing that the plaintiff is entitled to relief sought; and (3) a description of the relief sought. *See* Fed. R. Civ. P. 8. Further, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that their federal or constitutional rights were violated by someone acting under color of state law. *See Long v. Cnty of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Plaintiff alleges that Defendants (1) used physical force against him; (2) held him in the South Correctional Entity ("SCORE"); and (3) initiated prosecution against him that led to a "record entry regarding [Plaintiff's] right to bear arms." (Dkt. No. 4 at 1–2.) This is insufficient to plead subject matter jurisdiction and/or satisfy Rule 8 in that the complaint's cursory and incomplete allegations fail to articulate the claims at issue (with enough specificity to put a defendant notice) and, further, fail to allege nonconclusory facts supporting a federal claim. (*See generally id.*) When a correctional facility policy "allegedly 'impinges on inmates' constitutional rights,' the policy will be upheld as valid 'if it is reasonably related to legitimate penological interests.'" *Dillon v. Clackamas Cnty.*, 2022 WL 1285042, slip op. at 3 (9th Cir. 2022) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

The deficiencies above warrant dismissal. That being said, the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could

[1] Subject matter jurisdiction (for the controversy at hand) appears to be based on federal question jurisdiction. Federal question jurisdiction exists when a plaintiff's claim arises "under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331.

not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). And here, it is perhaps conceivable that Plaintiff could adequately plead "sufficient factual matter, accepted as true to 'state a [federal]claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), which by extension would demonstrate that this Court has subject matter jurisdiction over the case. While legal conclusions may provide the framework of a complaint, Plaintiff must "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Meaning, Plaintiff must adequately allege *which* Defendant is responsible for *which* acts and *how* those acts violated Plaintiff's federal or constitutional rights.

Based on the foregoing, the Court DECLINES to serve Plaintiff's complaint and GRANTS Plaintiff leave to file an amended complaint curing the above-noted deficiencies within 30 days of the date of this order. If no amended complaint is filed within this time period or if Plaintiff files an amended complaint that fails to correct the deficiencies identified above, the Court will dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(h)(3) and/or 28 U.S.C. §1915(e)(2)(B).[2] Unresponsiveness to this order to show cause would demonstrate an inability to effectively plead this Court's jurisdiction and/or a colorable claim.

The Clerk is DIRECTED to send a copy of this order to Plaintiff.

DATED this 1st day of October 2026.

Joshua C. Lewis
Clerk of Court

s/Kathleen Albert
Deputy Clerk

[2] Further leave to amend need not be provided when doing so would be futile. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018).